THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* EDWARD G. GILMORE, APPELLANT, *v.* CHARLES DONOHUE, A JUSTICE OF THE SUPREME COURT OF THE STATE OF NEW YORK, RESPONDENT.

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JOHN SMITH, APPELLANT, *v.* THE SAME, RESPONDENT.

*Certiorari—when a proceeding is finally determined so as to be reviewable by.*

Upon the return of an order requiring the relator to show cause why he should not be attached for a criminal contempt, in forcibly and willfully resisting the lawful order and process of the court, such proceedings were had that the court adjudged him to have been guilty of the said contempt and ordered that he be imprisoned in the county jail for thirty days and pay a fine of $250.

*Held,* that for the purpose of reviewing these proceedings upon a *certiorari*, they must be deemed to have been terminated by the entry of the final order, convicting the relator of the contempt, and sentencing him to pay the fine and be imprisoned, and that it was error to quash the writ on the ground that the proceedings were not terminated because no warrant of commitment had yet been issued.

APPEALS from orders made at a Special Term, quashing writs of certiorari.

The appeal in each proceeding was from an order of Mr. Justice LAWRENCE, made in July, 1880, quashing a writ of certiorari issued by the said justice on April 1, 1880, to review the proceedings against the relator, had before Mr. Justice DONOHUE in a matter entitled "The People, *ex rel.* E. Fellows Jenkins, Superintendent of New York Society for the Prevention of Cruelty to Children, against Davene," which terminated in an order made by him, on March 31, 1880, directing the imprisonment of the relator for thirty days, and imposing upon him a fine of $250, for an alleged contempt in willfully resisting the execution of a warrant issued in the said matter.

The proceedings in which the said order of commitment was issued were commenced before Mr. Justice DONOHUE by E. Fellows Jenkins, representing the said Society, against one William M. Davene, by the issuing of a warrant for the arrest of the said

Davene, in which it was charged that said Davene, " willfully and unlawfully exhibited, used and let out one ' Little Bob' as a gymnast and contortionist, in violation of the provisions of chapter 122 of the Laws of 1876, entitled ' An Act to prevent and punish wrongs to children';" and it was for an alleged resistance to the execution of this warrant, that the order directing that the relator be imprisoned and fined as aforesaid was made. To review that decision and order, the writ of certiorari was issued.

The motion to quash the writ of certiorari was granted on the ground that the order of Justice DONOHUE, of March 31, 1880, imposing the imprisonment and fine, was not final, because no commitment had been issued to enforce it, and, therefore, was not reviewable.

*A. J. Dittenhoefer*, for the appellant.

*Lewis L. Delafield*, for the respondent.

BARRETT, J. :

The writs of certiorari were quashed below upon a misunderstanding of what was decided in *People* ex rel. *Devlin* v. *Peabody* (5 Abb. Pr., 194) and *Devlin* v. *Platt* (11 Id., 398). These cases undoubtedly support the familiar rule that the writ does not lie until the proceedings are terminated. But the precise question now involved did not arise. Here the final judgment has been pronounced, formulated, signed and entered of record. Nothing, whatever, remains to be done but to issue the warrant. We think that for the purposes of a review these proceedings must be deemed to have been terminated by the final order, convicting the relators of contempt, and pronouncing upon them the judgment of fine and imprisonment.

The warrant which follows is analogous to the execution issued upon an ordinary judgment. There the appeal is from the judgment, not from the process issued to enforce it. As the writs were quashed upon the sole ground that they would not lie until the warrants had been issued, we need not now consider any other point. The question whether certiorari is the proper remedy may

therefore be properly reserved until the hearing before us upon the writs.

The orders quashing the writs should be reversed, and the writs reinstated.